# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Nathan Leftenant, Arnett Leftenant,
Jeryl Bright & Gregory Johnson

           Plaintiffs,

v.

Lawrence ("Larry") Blackmon,

           Defendant.

No. 18-CV-01948-RCJ-GWF

STIPULATED PROTECTIVE ORDER

      This Stipulated Protective Order is issued to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

      For the purpose of this Order:

      A.    "Documents" has the meaning set forth in FEDERAL RULE OF CIVIL PROCEDURE 34(a), and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, trial and pre-trial testimony and exhibits and any portion of any of the above.

      B.    "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains any trade secret or other confidential research,

development or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G), and which bears the legend "CONFIDENTIAL" or similar legend.

C. "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "CONFIDENTIAL," as set forth below. Confidential Information further includes information disclosed orally (other than deposition or other sworn testimony) that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure and designating any such information as Confidential. Confidential Information does not include any document or information that is: (i) generally known to those in the industry without improper disclosure by a party to this litigation; (ii) generally known to those in the industry without breach of this Order; (iii) approved for release by written authorization of the party who owns the information; (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; (vi) advertising materials; (vii) materials that on their face show that they have been published to the general public; (viii) information submitted to any governmental entity without request for or statutory entitlement to confidential treatment; or (ix) documents or information that have been disclosed in open court by offering of exhibits, testimony, or argument containing, comprising, or referencing such documents or information and the

producing party fails to affirmatively seek and obtain an order sealing the courtroom and the record.

D. Information designated as "CONFIDENTIAL" in select situations may be additionally designated "ATTORNEYS' EYES ONLY". The "ATTORNEYS' EYES ONLY" designation is exclusively reserved for Confidential Information that constitutes financial or technical data or commercially sensitive competitive information, the disclosure of which demonstrably, without adequate protection, is likely to cause serious harm to the competitive position of the producing party.

In support of this Order, the Court finds that:

I. Confidential Documents or Information that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

II. The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive or economic disadvantage;

III. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE STIPULATED AND ORDERED THAT:

1. Confidential Documents and Information shall not be shown or disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2. Confidential Documents and Information that are designated "CONFIDENTIAL" may be disclosed only to the following persons ("Qualified Persons"):

a. Each Plaintiff/Counter-Defendant and Tomi Jenkins and for the Defendant/Counter-Plaintiff, and their respective and managers, agents financial advisors and officers, directors or employees of the corporations related to them.;

b. Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants and e-discovery, copying or document scanning personnel retained by counsel, to the extent reasonably necessary to render professional services in this action, including appeals;

c. Persons identified in a document designated as "CONFIDENTIAL" as an author of the document in part or in whole, parties to any document, or persons identified on the document as one to whom a copy of such document was sent prior to its production in this action;

d. The receiving party may share a Confidential Document or Information with a witness where at least one of the following conditions applies:

    i. the witness is a current employee of the designating party;

    ii. the witness' name appears on the Confidential Document or Information as a person who has previously seen or had access to the Confidential Document or Information;

    iii. if it is reasonably established that the witness has knowledge of information contained in the document about which the witness is being examined; or

    iv. the designating party has consented on the record of the deposition to the showing of the Confidential Document or Information to the witness.

e. Court officials involved in this action;

f. Court reporting personnel involved in taking or transcribing testimony in this action; or

g. Independent consultants or experts, including their clerical support staff, retained for the purpose of assisting counsel in this action. Notice of each designated consultant or expert shall be provided to the opposing party three (3) days prior to disclosure, together with the executed undertaking required by Paragraph 5 below. If the opposing party objects to the disclosure, an objection and the reasons for the objection shall be made within three (3) days following notice.

3. Confidential Documents and Information designated as "ATTORNEYS' EYES ONLY" shall be available only to persons identified under Paragraphs 2(b), 2(c), 2(d), 2(e), 2(f), and 2(g). Furthermore, the references in this Order to restrictions applicable to Confidential Documents and Information shall apply to "ATTORNEYS' EYES ONLY" documents and information, in addition to the separate restrictions applicable to "ATTORNEYS' EYES ONLY" documents and information.

4. Notwithstanding the provisions of Paragraphs 2 or 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

5. Before any person described in Paragraph 2(a) or outside consultant or expert referred to in Paragraph 2(g) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information.

6. Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

7. To the extent a receiving party wishes to file any document or thing containing or embodying Confidential Documents or Information with the Court, the receiving party shall file redacted copies of such information or documents on the court's ECF system and separately deliver unredacted copies of such materials that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the court. Outside attorneys of record for the parties are hereby authorized to be persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.

8. At a deposition or within ten (10) calendar days after receipt of a transcript of a deposition, counsel for any of the parties or the deponent may designate a portion of specific testimony or transcript pages as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the ten (10) day period, that portion of the testimony contained in the transcript volume shall be treated as "ATTORNEYS' EYES ONLY" unless otherwise designated by a party at the deposition.

9. At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party in a manner that identifies in reasonable detail the reasons why the information should not be so designated. If the parties are unable to agree as to whether the confidential designation of the documents or information is appropriate within seven (7) days, then the receiving party may

petition the court to resolve the matter. In response to any such motion, the disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to confidential treatment. All Confidential Documents and Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, the Confidential Documents or Information are made part of the public record at a hearing or otherwise, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to confidential treatment. Fees and Costs shall be determined according to Fed. R. Civ. Pro 37(a)(5).

10. The term "copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

11. A designating party that inadvertently or mistakenly fails to mark an item as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. In the case of documents, any such mis-designated materials shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as soon as reasonably possible after the producing party becomes aware of the inadvertent or mistaken failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as confidential material. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. In the case of orally disclosed information (other than deposition or other

sworn testimony), a written description of the information must be provided, as set forth above. This exception shall not apply to Confidential Documents or Information disclosed in open court.

12. The production of documents or information subject to the protection of the attorney-client privilege, work product doctrine, or other privilege through mistake, inadvertence or other error shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. The producing party shall notify the receiving party in writing of any such inadvertently or mistakenly produced documents or information as soon as reasonably possible after the producing party becomes aware of their inadvertent or mistaken production, but no later than thirty (30) days following production of such documents or information. Upon receipt of such notice, the receiving party shall, within five (5) days, or sooner if that is possible, return or destroy all such documents to the producing party, along with any copies made thereof. The receiving party, however, remains free to argue that such materials are not in fact privileged on grounds other than waiver, and counsel for the receiving party may retain one copy of the disputed materials for purposes of presenting its position to the court for resolution. This "clawback" provision shall not affect the legal and ethical responsibilities of counsel for the receiving party who receives materials that said counsel has subjective reason to believe are privileged.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record or have otherwise been rendered non-confidential pursuant to the terms of this Order. This Court retains and shall have continuing jurisdiction over the parties and recipients

of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

14. This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. All documents and information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a non-party shall be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to contest any designation in accordance with Paragraph 9 above. Furthermore, such non-party shall be deemed to avail itself of the provisions and protections of this Protective Order by making any production of documents or information consistent with it.

15. If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in this action, the person or entity receiving the request or order shall: (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order; (b) provide a copy of this Order to each such person or entity; (c) immediately notify each designating party of the existence and general substance of each such order or request; (d) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order; and (e) not interfere with any designating party's response or objection to any such order or request. Nothing in this Protective Order, however, requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way

that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

16. If any information that is designated (at the time of use or disclosure) "CONFIDENTIAL," or ATTORNEYS' EYES ONLY" is disclosed other than in the manner authorized by this Protective Order, then the party responsible for such disclosure shall immediately report such disclosure to all counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper disclosure of such information. Such disclosure shall include: (a) a description of the confidential information disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the disclosure; (c) the identity of the person(s) who made such disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

17. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and undertakings executed pursuant to Paragraph 5 hereto, shall either be returned to the producing party or person or destroyed. All parties or persons that received Confidential Documents shall make written certification of compliance

with this paragraph. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a client with respect to this litigation and in the course thereof relying upon the attorney's examination of Confidential Documents or Information; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not improperly disclose confidential information.

20. Any entity affiliated with a party to this litigation may produce documents in accordance with the terms and conditions of this Protective Order, providing that those documents will be handled by the receiving party in accordance with this Protective Order solely as if the documents had been produced by the party to this litigation with which the producing party is affiliated. Any such affiliated party will not thereby waive any other legal rights or protections that it would have if that production of documents had not occurred.

21. Any party may apply to this Court for relief and/or modification of this Order, or for additional protective orders. The parties may likewise agree among themselves to a modification of this Order and/or production outside the terms of this Order so long as such modification is in writing.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Stipulated Protective Order as it may from time to time deem appropriate.

IT IS SO ORDERED on August 29, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

SO STIPULATED:

By: /s/ Frederick N. Samuels
FREDERICK N. SAMUELS (*Pro Hac Vice*)
Cahn & Samuels, LLP
1100 17th St., NW, Suite 401
Washington, D.C. 20036
202 331-8777
frederick.samuels@cahnsamuels.com

Leslie Mark Stovall, Esq.
Nevada Bar No. 2566
MARK S. BRAUN, ESQ.
Nevada Bar No. 7615
Stovall & Associates
2301 Palomino Lane
Las Vegas, NV 89107
702 258-3034
E-Service: court@lesstovall.com

*Attorneys for Defendant/Counterclaimant*


By: *Lita Rosario*
Lita Rosario, Esq.(Pro Hac Vice)
1100 H Street NW, Suite 315
Washington DC 20005
*lita.rosario@wyzgirl.com*

*Attorney for Plaintiffs*

13

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Nathan Leftenant, Arnett Leftenant, Jeryl Bright & Gregory Johnson

    Plaintiffs,

v.

Lawrence ("Larry") Blackmon,

    Defendant.

No. 18-CV-01948-RCJ-GWF

UNDERTAKING CONCERNING CONFIDENTIALITY

    I,_____, hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order.

3. I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this litigation, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

4. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of court.

5. I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.

1

## Declaration

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____ Signature:_____

                                           Print Name: _____