UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT and GREGORY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendants. | Case No. 2:18-CV-01948-EJY<br><br>**ORDER** |

## I.  Introduction

Before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaims in Part. ECF No. 58.[1] The Court has considered Plaintiffs' Motion and Defendant's Opposition to Plaintiffs' Motion (ECF No. 60) and finds as follows.[2]

## II.  Background

The parties and the Court are familiar with the procedural and factual history of this dispute based upon prior filings. *See* ECF No. 43. Therefore, the Court does not repeat either history here.

## III.  Discussion

Plaintiffs' Motion argues that Defendant's First and Second Counts for Trademark Counterfeiting and Trademark Infringement, both under Section 32 of the Lanham Act, should be dismissed. With respect to the Counterfeiting claim, Plaintiffs alleges that Defendant did not acquire a trademark for CAMEO until March 28, 2017, which Defendant admits. ECF No. 49 ¶ 36. To bring a claim for counterfeiting, the Lanham Act "requires that the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was

---

[1] Plaintiffs bring their Motion under the wrong subsection of Fed. R. Civ. P. 12. After the pleadings are closed a party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6) and the same standard "applies to motions brought under either rule." *Cafasso ex rel. United States v. General Dynamics C4 Systems, Inc.*, 637 F.2d 1047, 1055 n.4 (9th Cir. 2011). The Court nevertheless cautions Plaintiffs to be cognizant of the Rules.

[2] Plaintiffs did not file a Reply in Support of their Motion to Dismiss.

1  registered for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 946 (9th Cir.2011); *see also Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir.2005). Here, there is no dispute that Defendant had no registered trademark before March 28, 2017. Therefore, Defendant's Count I for Trademark Counterfeiting fails as a matter of law for any alleged counterfeiting that occurred before that date. With respect to the one allegation regarding the release of the song "We in the House," Defendant says only that it was released in 2016. ECF No. 49 ¶ 48. This allegation is insufficient to establish that Plaintiffs used a "non-genuine mark identical to" the mark Defendant registered on March 28, 2017. As plainly contemplated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), to survive a motion to dismiss or on the pleadings, a counter-plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Thus, Defendant's counterclaim, Count I, for Trademark Counterfeiting fails as a matter of law.

With respect to Defendant's Second Count for Trademark Infringement, "Section 43(a) of the Lanham Act prohibits any person from using in commerce, in connection with any goods, 'any word, term, name, symbol, or device, or any combination thereof ... which ... is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods ... by another person.' ... The section protects unregistered trademarks from infringement." *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 61 (2d Cir. 2000); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) ("[I]t is common ground that § 43(a) protects qualifying unregistered trademarks and that the general principles qualifying a mark for registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)"). Thus, Defendant's allegations regarding the infringement on the CAMEO trademark, albeit unregistered until March 2017, does not defeat the claim. The argument that Defendant's trademark was only for "live performances" also is insufficient to defeat this claim.

In order to determine if Defendant states a claim for infringement, two key considerations for the Court are whether Defendant asserts facts sufficiently supporting the legal requirements that

there is similarities between the marks and the similarities between the goods or services at issue. *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 192 USPQ 24 (CCPA 1976); *see also, In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997). Here, there is no doubt that the use of the word "CAMEO" is visually identical when used by Plaintiffs as well as Defendant. The services, musical production is also substantially similar. That one is a recording and another a live performance is not necessarily dispositive and certainly is not dispositive at this stage of proceedings. As explained in *In re Brian Meneely*, Case No. 86751019, 2017 WL 3773118, at *4 (TTAB July 26, 2017), "[t]he issue is not whether consumers would confuse the goods and services, but rather whether they would be confused as to the source of the goods and services." (citing *Paula Payne Products v. Johnson Publishing Co.*, 473 F.2d 901, 177 USPQ 76, 77 (CCPA 1973); *In re Rexel Inc.*, 223 USPQ 830, 831 (TTAB 1984)). "Consumers seeing the service mark of musical performers on the cover of musical sound recordings would understand that the mark identifies the performer of the music on the sound recording and will also believe that the performers are the source of the musical sound recording. That is, a consumer already familiar with the entertainment services of a musical act may, upon encountering musical recordings bearing a similar mark, mistakenly believe that the recordings involve the same musicians." *Id*. at *5.

## IV. Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss Defendant's Counterclaims In Part (ECF No. 58) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, for the reasons stated above, Defendant's Count I for Trademark Counterfeiting is granted and this claim is dismissed.

IT IS FURTHER ORDERED that, for the reasons stated above, Plaintiffs' Motion to Dismiss Defendant's Count II for Trademark Infringement is denied.

DATED: February 24, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE