UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS "TOMI" JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendant. | Case No. 2:18-CV-01948-EJY<br><br>**ORDER** |
| LAWRENCE ("LARRY") BLACKMON,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS "TOMI" JENKINS,<br><br>Counterclaim Defendants. | |

Before the Court is Defendant's Motion for Sanctions for Violation of Protective Order (ECF No. 164). The Court has considered Defendant's Motion, Plaintiffs' Opposition (ECF No. 166), and Defendant's Reply (ECF No. 169). The Court finds as follows.

**I.      Discussion**

The parties entered into and submitted a Stipulated Protective Order in August 2019. The Stipulation, approved by the Court (ECF No. 44), includes, *inter alia*, the following passages:

> "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains any trade secret or other confidential research, development or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G), and which bears the legend "CONFIDENTIAL" or similar legend.
>
> "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "CONFIDENTIAL," as set forth below. Confidential Information further includes information disclosed orally

1

(other than deposition or other sworn testimony) that the disclosing party believes in good faith contains trade secret or other confidential research, development or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(1)(G), provided that, within ten (10) days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure and designating any such information as Confidential.  Confidential Information does not include any document or information that is: (i) generally known to those in the industry without improper disclosure by a party to this litigation; (ii) generally known to those in the industry without breach of this Order; (iii) approved for release by written authorization of the party who owns the information; (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality; (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; (vi) advertising materials; (vii) materials that on their face show that they have been published to the general public; (viii) information submitted to any governmental entity without request for or statutory entitlement to confidential treatment; or (ix) documents or information that have been disclosed in open court by offering of exhibits, testimony, or argument containing, comprising, or referencing such documents or information and the producing party fails to affirmatively seek and obtain an order sealing the courtroom and the record.

To the extent a receiving party wishes to file any document or thing containing or embodying Confidential Documents or Information with the Court, the receiving party shall file redacted copies of such information or documents on the court's ECF system and separately deliver unredacted copies of such materials that have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the court. Outside attorneys of record for the parties are hereby authorized to be persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.

As Defendant demonstrates, Plaintiffs' unsealed and unredacted filings have repeatedly violated the terms of the Protective Order by making reference to the fact of and information contained in a document marked "confidential" by Defendant.[1]  Defendant is correct that Plaintiffs have not, to date, filed a motion objecting to the confidential designation of the document or information to which they repeatedly refer.[2]  Defendant seeks sanctions because Plaintiffs, after several consultations, continue to disregard the terms of the Court approved Protective Order.

---

[1]  *See* ECF Nos. 103, 115, and 133 filed by Plaintiffs.

[2]  Defendant states Plaintiffs objects to the "confidential" designation of the document at issue in their Response to Defendant's Motion to Seal.  However, a document filed as a "Response" to a Motion is not a request for the Court to rule on an issue in contention.  If Plaintiffs wish to seek assistance from the Court with respect to the designation of documents under the Protective Order, they may do so through a motion, without redactions, filed under seal, along with a concomitantly filed motion to seal.  A redacted version of the same motion must be simultaneously filed in the public record.

2

Defendant seeks sanctions in the form of attorneys' fees and expenses; however, Defendant does not state what fees or expenses they incurred. ECF No. 164 at 15-16. Defendant also seeks an order holding Plaintiffs in contempt, precluding Plaintiffs' use of the confidential document referenced in Plaintiffs' filings, and an order compelling Plaintiffs to identify everyone to whom Plaintiffs have disclosed the confidential information. *Id*. at 16-18.

In response to Defendant's Motion, Plaintiffs argue that the document at issue was "made part of the public record at a hearing or otherwise" and that this renders the document and information contained therein no longer confidential. ECF No. 166 at 3. However, Plaintiffs' argument is contrary to the facts in this case. The document to which Plaintiffs refer was struck because it too referenced "confidential" information in an unredacted filing.[3] A document struck from the docket cannot be said to be part of the public record. *Azizian v. Federated Dept. Stores*, Case No. 3:03 C 03359 SBA, 2005 WL 4056688, at *2 (N.D. Cal. May 18, 2005). Therefore, Plaintiffs' argument does not cure Plaintiffs' recent filings that include information designated as "confidential" pursuant to the terms of the Protective Order. Plaintiffs offer no other explanation for their failure to comply with the Protective Order entered by the Court.[4] ECF No. 166.[5]

The Court reviewed documents that remained on the public record until the Court issued its July 10, 2020 Order granting Defendant's Motion to Seal. These documents include, with one other, ECF Nos. 103 (Plaintiffs' Reply In Support of Renewed Motion for Reconsideration) and 115 (Plaintiffs' Response to Defendant's Motion for Summary Judgment docketed as ECF No. 94). The Court has now sealed ECF Nos. 103 and 115 because these filings by Plaintiffs discuss specific terms and outcomes appearing in a document marked "confidential" by Defendant pursuant to the terms of the Protective Order.

---

[3] ECF No. 72.
[4] Plaintiffs are free to reference information or exhibits marked as confidential in a filing with the Court by submitting two versions of the same filing. The version submitted on the public record must be redacted such that confidential information is not generally available. The unredacted version of the filing must be submitted under seal together with a motion to seal. Plaintiffs have not followed this well established process to date.
[5] Plaintiffs' argument regarding relevance is misplaced. The issue before the Court is not relevance, but whether Plaintiffs are required to redact from public disclosure certain information designated as "confidential," and file the unredacted version under seal.

3

This same problem occurs in ECF No. 133[6] followed by an almost indecipherable series of references as follows:

> (i) Opposition to Motion for Summary Judgment on Count I and (ii) Reply in Support of Motion for Reconsideration … *See* Rosario Decl. & Exhibit D thereto – [The UMG CAMEO Settlement Agreement and General Release dated as of December 31, 2015].  *See* Opposition p. 22-8-13 [ECF# 103] … *See* Reply in Support of Motion for Reconsideration p. 9 -2-5 [ECF# 115].

The Court notes that Plaintiffs' filing docketed as ECF No. 103 is only 11 pages long; yet, Plaintiffs appear to refer to page 22.  Similarly, on "p. 9" of Plaintiffs' filing docketed as ECF No. 115 there are a series of numbered paragraphs, starting at 27 and ending at 32, but no line numbers.[7]  It is not the Court's job to comb through a filing to find information a party wishes the Court to consider.  *Leading Manufacturing Solutions, LP v. Hitco Ltd.*, Case No. 15cv1852-LAB (PCS), 2018 WL 1382791, at *2 (S.D. Cal. Mar. 19, 2018) *citing Orr v. Bank of America*, 285 F.3d 764, 775 (9th Cir. 2002) ("[a]rguments in the briefing must be supported by specific citations to evidence; the Court is not required to search through the exhibits to find it").

The Court is empowered to issue sanctions based on Plaintiffs' violation of the Court entered Protective Order.  This power comes directly through Fed. R. Civ. P. 37(b) as well as through the Court's inherent powers.[8]  The Court has broad discretion regarding the type and degree of discovery sanctions it may impose.  *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir. 1976).  Rule 37 allows for imposition of any remedy the Court determines is "just."  *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641–642 (9th Cir. 1978).  Here, the Court will not grant Defendant's request to find Plaintiffs in contempt of court.  There was no prior, specific warning by the Court regarding inappropriate filing of the document marked confidential and, while Plaintiffs

---

[6] ECF No. 133 is Plaintiffs' Opposition to Defendant's Motion to Seal. ECF No. 133 at 3 n.1 refers to ECF No. 72. ECF No. 72 was struck by the Court and, therefore, is no longer part of the public record in this case. Further, ECF No. 133 has now been sealed by the Court, and Plaintiffs have been ordered to file a redacted, unsealed version of this document immediately.  That ECF number is not presently available.

[7] This highlights two errors.  First, Plaintiffs fail to comply with Local Rule IA 10-1(a)(1) requiring the lines of texts to be numbered consecutively on the left margin of each page.  Second, these citations are largely indecipherable because while they may cite to page and supposed line numbers, the page and line numbers do not coincide with the electronic filing number to which they refer.  The Court notes that Defendant also cite to line numbers in Plaintiffs' filings.  Why Defendant does so is equally puzzling.

[8] *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015 (9th Cir. 2012) and *United States v. State of Oregon,* 915 F.2d 1581 (9th Cir.1990) (table cases) addressing the inherent power of a court to enter sanction.

were careless (and perhaps a bit cavalier), there is insufficient information to establish the level of egregiousness required for civil contempt.[9]  Plaintiffs, however, are now forewarned.  Likewise, the Court does not find, at this stage of proceedings, that an order precluding the use of evidence is warranted.  This too is a significant sanction where less severe sanctions should be effective in precluding the continuation of the conduct at issue.

The Court grants Defendant's request for reasonable attorney's fees and costs associated with bringing his Motion for Sanctions (ECF No. 164).  The Court also grants Defendant's request that Plaintiffs disclose to whom they have disclosed the confidential information and/or document at issue.

**II.     Order**

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Sanctions for Violation of Protective Order (ECF No. 164) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that within five business days of the date of this Order Plaintiffs and their counsel shall provide Defendant with a list of all individuals to whom the document marked as confidential and at issue in Defendant's Motion has been disclosed.

IT IS FURTHER ORDERED that within five business days of the date of this Order Plaintiffs and their counsel shall provide Defendant with a list of individuals to whom they provided copies of documents filed as ECF Nos. 72, 103, 115, and 133.

IT IS FURTHER ORDERED that Plaintiffs shall pay to Defendant his reasonable attorney's fees and costs for bringing the Motion for Sanctions and filing the four page Reply.

IT IS FURTHER ORDERED that Defendant shall, within 14 days of the date of this Order, submit a memorandum, supported by affidavit of counsel, establishing the reasonable amount of attorneys' fees and costs incurred in bringing ECF No. 164 (together with filing the four page Reply). The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney

---

[9]   *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

IT IS FURTHER ORDERED that Plaintiffs shall have five (5) days from service of the memorandum of costs and attorney's fees, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

Dated this 13th day of July, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE