UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendant. | Case No. 2:18-cv-01948-EJY<br><br>**ORDER** |
| LAWRENCE ("LARRY") BLACKMON,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Counterclaim Defendants. | |

Before the Court is Plaintiffs' Motion to Further Clarify the Second Amended Complaint (the "Motion to Clarify" at ECF No. 203), Defendant's Opposition to Plaintiffs' Motion to Clarify (ECF No. 224), Plaintiffs' Reply in Support of their Motion to Clarify (ECF No. 227), Defendant's Motion and Memorandum to Strike and/or Dismiss Plaintiffs' Second Amended Complaint (the "Motion to Strike" at ECF No. 223), Plaintiffs' Opposition to Defendant's Motion To Strike (ECF No. 234), Defendant's Reply to Plaintiffs' Opposition to Motion to Strike (ECF No. 240), Plaintiffs' Motion to Stay (ECF No. 220), and the Opposition thereto (ECF No. 231). No reply in support of the Motion to Stay was filed.

**I.      Background**

This case commenced on October 10, 2018 with Plaintiffs' Complaint (ECF No. 1). On April 22, 2019, Plaintiffs filed a motion to amend their complaint, which was filed a second time on April 30, 2019. ECF Nos. 19 and 22. Plaintiffs withdrew ECF No. 19 on April 30. ECF No. 21.

1

The motion to amend the complaint was granted in part on September 16, 2019 (ECF No. 43), and the First Amended Complaint ("FAC") was filed on October 2, 2019 (ECF No. 46). Defendant filed an answer and counterclaims in response to the FAC on October 16, 2020 (ECF No. 49), to which Plaintiffs responded by filing a motion to dismiss parts of the counterclaims (ECF No. 58). Defendant moved to dismiss parts of Plaintiffs' FAC on October 28, 2019 (ECF No. 52). On February 24, 2020, the Court granted in part and denied in part Defendant's motion to dismiss parts of Plaintiffs' FAC, and granted in part and denied in part Plaintiffs' motion to dismiss parts of Defendant's counterclaims. ECF Nos. 65 and 66.

The discovery period in this case was extended multiple times, with the last extension closing discovery on March 10, 2020. ECF Nos. 16, 31, 42, 51, 62, 64. Thus, the parties had over a year within which to conduct discovery in this matter. After the close of discovery, cross motions for summary judgment were filed by the parties followed by the filing of numerous separate declarations and motions to strike. The Court denied all summary judgment motions without prejudice and directed the parties to refile such motions after motions seeking to amend claims and counterclaims were decided by the Court. ECF No. 214.

On July 14, 2020, the Court held oral argument on Defendant's Motion to Compel Interrogatory Responses (ECF No. 68) and Plaintiffs' Renewed Motion for Reconsideration and Clarification re Order on Motion to Dismiss (ECF Nos. 82 and 181). At that hearing the Court granted Defendant's Motion to Compel, denied Plaintiffs' Motion for Reconsideration (ECF No. 192 at 28-29), but granted Plaintiffs the "opportunity to amend the[ir] fourth cause of action only." *Id*. at 30.[1] The Court's Order made clear that no other changes to the FAC were to be made except to clarify that Plaintiffs' fourth cause of action to state what Plaintiffs claimed was always intended; that is, to state a declaratory relief claim against Defendant Blackmon, not unnamed third parties. *Id*. at 30-32. The Court stated that no other changes to the FAC were permitted by the Order because such changes would undoubtedly lead to reopening discovery and, therefore, to additional motion practice. *Id*. at 30.

---

[1] This portion of the Court's Order granted, in limited part, Plaintiffs' Motion seeking to clarify their fourth cause of action, which was poorly pled. *Id*.

2

On July 21, 2020, Plaintiffs filed their Second Amended Complaint twice (ECF Nos. 198 and 199). Plaintiffs then moved to strike these versions of their Second Amended Complaint for various reasons (ECF No. 200 and 201). Plaintiffs then filed a third version of their Second Amended Complaint (ECF No. 202). Finally, Plaintiffs filed the presently pending Motion to Clarify that attaches yet a fourth version of the Second Amended Complaint (the "Clarified Second Amended Complaint"). ECF Nos. 203 and 203-1.

Plaintiffs' Second Amended Complaint (ECF No. 202) and Clarified Second Amended Complaint (ECF No. 203-1) plead beyond what the Court's July 14, 2020 Order allowed Plaintiffs to do. Not only do Plaintiffs add a new exhibit to these proposed amended complaints (*compare* Schedule A attached to ECF Nos. 1 and 46 *and* Exhibit A attached to ECF Nos. 202 and 203-1), but both versions of the second amended complaint identify ten new individuals who assigned their alleged claims against Defendant to "Existing Plaintiffs" [2] resulting in expanded allegations regarding what Existing Plaintiffs and these new individuals are allegedly due. ECF Nos. 202 and 203-1 ¶¶ 20, 78, 86, 108-123. Further, the Clarified Second Amended Complaint adds a new cause of action for "Breach of Oral Agreement to Pay Royalties." ECF No. 203-1 at 134-146. Plaintiffs contend that approximately twenty-one months after this case started, and contrary to what the Court ordered, Plaintiffs always intended to bring a breach of oral agreement claim despite never previously pleading this claim. *See* ECF Nos. 1 and 46.

Plaintiffs argue that to deny them the right to file this new claim would be to do so on "a purely procedural technicality."[3] ECF No. 227 at 2. Plaintiffs also argue that granting the Motion to Clarify or the Clarified Second Amended Complaint will result in no prejudice to Defendant because there are other amendments to the pleadings pending, and further discovery is unlikely because the Court granted Plaintiffs an opportunity to clarify their Count IV in their Amended Complaint. ECF No. 203 at 4-5.

In Opposition to Plaintiffs' Motion to Clarify, Defendant argues that Plaintiffs exceed the Court's July 14, 2020 Order by adding the Sixth Cause of Action for Breach of Oral Contract. ECF

---

[2] The term "Existing Plaintiffs" is sometimes used to mean Nathan Leftenent, Arnett Leftenent, Jeryl Bright, Gregory Johnson, and Thomas "Tomi" Jenkins.
[3] Plaintiffs do not identify the technicality.

No. 224 at 2. Defendant states that this new cause of action would require "significant new discovery" that could have been avoided had Plaintiffs been diligent in bringing this claim. *Id*. Defendant further contends that because the Motion to Clarify was brought after the close of discovery, Plaintiffs must demonstrate excusable neglect for failing to timely file their Motion. *Id*. at 7, 11-13. Defendant argues that Plaintiffs' Breach of Oral Contract fails to state a claim upon which relief may be granted, but even if the Court disagrees, the Breach of Oral Contract claim is barred by the Statute of Frauds. *Id*. at 14-16.

In Reply, Plaintiffs argue manifest injustice, that the Court's July 14, 2020 Order allowed for an amended scheduling order, and that Plaintiffs "merely seek to further clarify Count IV" of their Amended Complaint, a declaratory relief claim, by adding their "Breach of Oral Agreement against Defendant Blackmon for payment of UMG CAMEO Artist royalties." ECF No. 227 at 2, 5, and 13-14. Plaintiffs further argue that "Plaintiffs should be allowed leave to further amend/clarify their Second Amended Complaint to clarify all alleged facts for its Breach of Oral Agreement" claim because "Plaintiffs have alleged an oral agreement between the CAMEO members" throughout this litigation. *Id*. at 9. Finally, Plaintiffs argue that their "part performance" renders Defendant's Statute or Frauds argument meritless. *Id*. at 12-13.

**II.     Discussion**

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). Well settled law establishes that a motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" that court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan,*

4

*Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Despite this liberal policy, leave to amend may be denied because of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previously permitted amendments, undue prejudice or futility.  *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent prejudice, or a strong showing under any of the remaining *Foman* factors, a presumption exists in favor of granting leave to amend.  *Id*.

> A. <u>Plaintiffs Unduly Delayed Filing an Amended Pleading Adding Parties and a Cause of Action; and, Plaintiffs Fail to Demonstrate Excusable Neglect for Doing so</u>.

Two years into the proceedings, and despite the Court's Order granting Plaintiffs' request to amend their complaint for a second time in limited part, Plaintiffs filed a Second Amended Complaint and a Clarified Second Amended Complaint that exceeded the Court's Order.  That is, rather than only clarifying Court IV of Plaintiffs' FAC on behalf of Existing Plaintiffs for the limited purpose of stating a claim against Defendant Blackmon (ECF No. 192 at 28-30), these Plaintiffs also added claims on behalf of Charlie Singleton, Eric Durham, Wayne Cooper, William Reavis, Gary Dow, Damon Mendes, Stephen Moore, Charles Sampson, Thomas "TC" Campbell, and John Kellogg, through assignments.  *See*, for example, ECF Nos. 202 and 203-1 ¶ 108; Exhibit B thereto.  It is simply an untenable proposition that adding claims on behalf of ten individuals (in violation of the Court's Order) would not be prejudicial, require the reopening of discovery, and delay proceedings as a result.

In a move even more surprising to the Court, Plaintiffs' Clarified Second Amended Complaint also adds a new cause of action (Count VI) for Breach of an Oral Agreement to Pay Royalties.  ECF No. 203-1 ¶¶ 134-146.  Had Plaintiffs brought this cause of action at the commencement of proceedings, or even before the expiration of the date by which amendment to the pleadings was allowed, Plaintiffs may have been able to pursue this claim.  *See* ECF No. 16 at 1 setting the cutoff for amending pleadings as May 6, 2019 and ECF Nos. 31, 42, 51, 62, 64, which extended certain deadlines, but did not extend the deadline for amending pleadings.

The District of Nevada is clear that when a motion to amend pleadings is brought after the date set in the scheduling order allowing the parties to do so, the moving party must demonstrate excusable neglect for its late filing.  *Chemical Bank v. Star Development & Holding, LLC*, Case No.

2:16-cv-01523-MMD-PAL, 2017 WL 5587516, at *2 (D. Nev. Nov. 17, 2017). The Ninth Circuit holds that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 395 (1993). To state this new cause of action will require Defendant to conduct some additional discovery is tautological; and, thus, that this will require reopening discovery causing a delay in proceedings is superfluous. At a minimum, Defendant will reasonably seek to re-take the deposition of some or all of Existing Plaintiffs regarding non-privileged communications pertaining to the assignment of claims. Presumably, Defendant will seek to the take the depositions of some or all of the ten individuals who assigned their claims in an effort to learn the basis for those claims as well as the basis for the delay in seeking redress from Defendant. This discovery will necessarily result in a delay in filing dispositive motions, which have already been delayed by substantial motion practice. The Court warned against this concern and limited the grant of Plaintiffs' request to amend their pleadings for this very reason.

Further, Plaintiffs offer no good reason for their failure to plead their Breach of Oral Contract claim at any time between October 10, 2018 and July 21, 2020. *Compare* ECF Nos. 1 *and* 203. These individuals were not just discovered; nor were the facts upon which their claims rest newly discovered. ECF No. 227 at 2 (Plaintiffs admit receiving the UMG agreement with Defendant in on October 25, 2019).[4] Whether Plaintiffs acted in good faith is a question for debate, but whether their failure to timely plead on behalf of ten individuals and include a breach of oral agreement claim they

---

[4] Plaintiffs argue that their breach of agreement claim is not new because Defendant "will not be surprised by the [C]larified Second Amended Complaint." *Id*. at 11. Plaintiffs claim that the Clarified Second Amended Complaint is offered "in the interest of justice and fair play" because the newly stated Count VI "particularize[s] and clarif[ies] Plaintiffs'] … claim for beach of an oral agreement" for the payment of UMG featured artist royalties. *Id*. at 2; *see also* ECF No. 227-1 ¶¶ 110-111. However, Plaintiffs were aware of the UMG royalties no later than September 2019 when they propounded a Request for Production on Defendant for the UMG agreement pertaining to the known royalties being paid by UMG to Defendant. ECF No. 196 at 5. Plaintiffs offer no reason or explanation for why they failed to seek to amend their Complaint at that time or at any time before the Court allowed a very limited amendment in its July 14, 2020 order. Plaintiffs also attached Schedule A (distinct from the now attached Exhibit A) to their Complaint and Amended Complaints. ECF Nos. 1 and 46. Thus, the individuals Existing Plaintiffs seek to add are not newly discovered.

now seek to add was a mere oversight or something more nefarious is not germane to the Court's decision as the failure to establish excusable neglect is determined without a demonstration of bad faith.

      B.    <u>Plaintiffs' Second Amended Complaint and Clarified Second Amended Complaint are Prejudicial to Defendant</u>.

As explained above, Plaintiffs' Second Amended Complaint and Clarified Second Amended Complaint adds claims on behalf of ten individuals. Plaintiffs' Clarified Second Amended Complaint also adds a new claim for Breach of Oral Agreement. These claims and individuals were not part of Plaintiffs' Complaint (ECF No. 1) or Amended Complaint (ECF No. 46). Plaintiffs' lack of any reasonable explanation for their substantial delay and the unavoidable fact that the proposed amendments will necessarily result in reopening discovery is prejudicial to Defendant as well as the Court. Discovery closed in this matter on March 10, 2020. ECF No. 64. The date by which amendments to pleadings were to be filed passed on March 6, 2019. ECF No. 16 at 1. The proposed amendments to add claims on behalf of new individuals and add a new cause of action for breach of oral agreement was filed in July 2020, four months after discovery closed and sixteen months after the deadline for amending pleadings expired. There is no doubt that Existing Plaintiffs knew of the individuals and claims they now seek to add long before July 2020. For these reasons, the Court finds the prejudice to Defendant if the amendments were allowed is far too great to overlook. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (upholding denial of leave to amend where the District Court cited the plaintiff's undue delay in missing the deadline to amend the complaint and undue prejudice to the defendant where the plaintiff sought amendment after the close of discovery); *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (stating that "a motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant").

      C.    <u>Plaintiffs' Second Amended Complaint and Clarified Second Amended Complaint were Filed in Contravention of the Court's July 14, 2020 Order</u>.

On July 14, 2020, in an effort to resolve the issues between Plaintiffs and Defendant, the Court allowed Plaintiffs the opportunity to amend their fourth cause of action only. The Court stated, with clarity, that Plaintiffs were not to add new facts or change anything else stated in the operative complaint except to clarify the fourth cause of action—paragraphs 106 through 111. *Id*. The Court explained that the limited amendment was permissible because Plaintiffs' counsel claimed that Count IV was always intended to state a declaratory relief claim against Defendant Blackmon and the fact that the cause of action was unclear was not intentional. *Id*. at 28-30. Plaintiffs pleaded in equity and justice to allow this amendment, which the Court permitted. *Id*. Despite the clarity of the Court's Order, Plaintiffs defied the Court and filed a Second Amended Complaint adding the claims of ten individuals (through assignment) to their claims. Plaintiffs now also seek to add a new cause of action in their Clarified Second Amended Complaint contending that this is not prejudicial, is not the result of undue delay, is not in bad faith, and the claim is not futile. ECF No. 203.

It is Plaintiffs' burden to prosecute their claims properly. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). That Plaintiffs failed to include the ten individuals they now seek to add, and failed to plead a breach of agreement at any time between October 2018 and July 2020, is Plaintiffs' responsibility. *Id*. at 608-09. The Court need not bend to Plaintiffs' failures in the absence of evidence excusing these failures. *Id*. Likewise, Defendant need not be prejudiced by Plaintiffs' failures. Equity and justice, cited by Plaintiffs' counsel on numerous occasions in oral argument, works in favor of Plaintiffs and Defendant. These concepts are not applicable only to a party who brings a claim. *Cf. In re Mortgages, Ltd*, Case No. 2:08-bk-07465-RJH, 2013 WL 1309028, at * 3 (D. Ariz. Bankr. Ct. Mar. 28. 2013) ("equity is equality") (internal citation omitted).

Plaintiffs fail to demonstrate good cause for their failure to bring claims within the time set by the Rule 16 Scheduling Order. Plaintiffs also fail to address the fact that their dilatory motion is in violation of the Court's July 2020 Order. Plaintiffs certainly have not established that their proposed amendments will require little or no additional discovery. The Court's July 14, 2020 Order was not a suggestion. It is the Court's duty to manage its docket and ensure compliance with Rule

1 of the Federal Rules of Civil Procedure. This is not an idle theory, but an active requirement of the Court. Plaintiffs' failure to abide by the Court's July 14, 2020 Order is unexcused and confounding.[5]

### III. Order

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Further Clarify the Second Amended Complaint (ECF No. 203) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion and Memorandum to Strike and/or Dismiss Plaintiffs' Second Amended Complaint (ECF No. 223) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is Denied.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is GRANTED. Plaintiffs' Second Amended Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Stay (ECF No. 220) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs are provided ***one and only one*** additional opportunity to file a Third Amended Complaint that is strictly compliant with the Court's July 14, 2020 Order. Plaintiffs must file this Third Amended Complaint within seven (7) court days of the date of this Order. If Plaintiffs fail to timely file the Third Amended Complaint, or the Third Amended Complaint exceeds the Court's July 14, 2020 Order, the Third Amended Complaint shall be struck and no further amendments to Plaintiffs' Complaint will be allowed by the Court.

---

[5] Defendant also argues that Plaintiffs' proposed Count VI is futile because "Plaintiffs[' t]hreadbare [a]llegations do not [e]stablish the [e]xistence of an [e]nforceable [c]ontract," and even if they do, the claim is barred by the Statute of Frauds. ECF No. 224 at 14-16. Plaintiffs claim the contrary and argue that their "part performance" is an exception to the Statute of Frauds. ECF No. 227 at 9-15. A proposed amended complaint is futile when no set of facts can be proven "under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004) (citation omitted). The Court does not discuss futility because Plaintiffs' Second Amended Complaint goes beyond the Court's July 2020 Order and is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Back v. Gonzalez*, Case No. CV 19-8974 FMO (AFMx), 2020 WL 4018813, at *1 (C.D. Cal. Feb. 18, 2020). Moreover, the parties' respective arguments regarding the Statute of Frauds is not discussed because Plaintiffs' Motion to Clarify is denied and, therefore, the proposed Count VI, Breach of Oral Agreement, is not be before the Court.

IT IS FURTHER ORDERED that Defendant shall have fourteen (14) days from the date Plaintiffs timely file a compliant Third Amended Complaint to file a responsive pleading.

IT IS FURTHER ORDERED that if Plaintiffs file a timely and compliant Third Amended Complaint, the parties shall meet and confer no later than ten (10) days from the date of Plaintiffs' filing to discuss what, if any, additional discovery is needed regarding Plaintiffs' amended Count IV.  The parties shall submit a detailed explanation of their respective positions on additional discovery (if any).  The parties shall also specify what discovery is needed and how long it will take to complete such discovery.

IT IS FURTHER ORDERED that if no additional discovery is proposed or Plaintiffs fail to timely file a compliant Third Amended Complaint, the following dispositive motion schedule shall apply:

- Motions for Summary Judgment shall be due no later than January 8, 2021.  The motion and points and authorities shall be filed as one document, with the points and authorities following the motion.  Exhibits shall be attached to the motion and not individually filed.
- The Oppositions to Motions for Summary Judgment shall be due on February 8, 2021.
- Replies in Support of Motions for Summary Judgment shall be due on March 8, 2021.

If additional discovery is requested and approved by the Court, the above briefing schedule will be revised.

Dated this 16th day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE