UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS, | Case No. 2:18-cv-01948-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| LAWRENCE ("LARRY") BLACKMON, | |
| Defendant. | |
| LAWRENCE ("LARRY") BLACKMON, | |
| Counterclaim Plaintiff, | |
| v. | |
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS, | |
| Counterclaim Defendants. | |

Before the Court is Plaintiffs' Partial Motion to Dismiss Defendant's Amended Counterclaim[s] (ECF No. 235) filed on August 19, 2020.  Also before the Court is Plaintiffs' Amended Partial Motion to Dismiss Defendant's Amended Counterclaim[s]. ECF No. 239, filed on August 24, 2020.  Because Plaintiffs state that the Amended Motion to Dismiss Defendant's Counterclaims "shall replace the Motion to Dismiss," the Court only reviewed the Amended Motion to Dismiss (ECF No. 239) and denies Plaintiffs' Partial Motion to Dismiss (ECF No. 235) as moot. The Court also reviewed Defendant's Response to Plaintiffs' Amended Motion to Dismiss (ECF No. 241) and Plaintiffs' Reply (ECF No. 242).

I. **Background**

On April 17, 2020, Defendant filed a Motion for Leave to Assert Counterclaims against Plaintiff Thomas "Tomi" Jenkins ("Jenkins").  ECF No. 109.  Plaintiffs filed their response on May 1, 2020 (ECF No. 135), and Defendant filed his Reply on May 8, 2020 (ECF No. 154).  On July 29,

2020, the Court entered an order granting Defendant's Motion for Leave to Assert Counterclaims (ECF No. 211). In that Order, the Court stated that Plaintiffs "shall have 14 days from the date of this Order to file a response" to Defendant's Counterclaims. *Id*. at 10. Plaintiffs' Motion to Dismiss parts of Defendant's amended counterclaims was filed on August 19, 2020, seven days after the due date set by the Court for the response. Six days later, Plaintiffs filed their Amended Motion to Dismiss making it the operative motion.

Plaintiffs' Amended Motion to Dismiss seeks to dismiss Counts I and V asserted by Defendant against Jenkins. Plaintiffs argue that Defendant's Count I, alleging Trademark Counterfeiting, fails to state a claim because Jenkins' supposed use of the CAMEO mark at issue was not for live music performances. Plaintiffs claim that because Defendant's registered trademark was for live performances by a musical group, and Jenkins allegedly promoted himself on the internet and social media sites using the CAMEO mark for reasons other than live performances, Defendant fails to state a § 32 Lanham Act violation.

With respect to Count V, which is a Deceptive Trade Practices claim under NRS 598.0915, Plaintiffs state that Defendant fails to allege that Jenkin's supposed deceptive acts related to goods or services. Plaintiffs further point out that Defendant must plead his deceptive trade claim with particularity, which Plaintiff states Defendant has not done. Plaintiffs add that Jenkins' social media positing was not an advertisement under NRS 598.0905

In response to Plaintiffs' Amended Motion to Dismiss, Defendant argues that Plaintiffs' Amended Motion should be denied based upon the Law of the Case Doctrine. Defendant contends the Court previously rejected the arguments in the instant Amended Motion to Dismiss when it granted Defendant's Leave to Assert Counterclaims. Defendant further argues that he adequately pleads Jenkins engaged in the improper use of a counterfeit CAMEO trademark in paragraphs 48 and 51-55 of the Amended Counterclaim. Defendant points to his pleading in which he references a Facebook page that "touts and advertises live performances" or, at a minimum, the same type of services identified in Defendant's CAMEO trademark, and an Instagram post that includes a picture of Jenkins on stage singing alongside the CAMEO mark and several references to live performances. Defendant also argues that he has sufficiently pleaded a Deceptive Trade Practices claim under

Nevada law in paragraphs 50-54, and 58, which identifies the date of the infringing posts, the social media platforms on which the posts were made, and the infringing use of the CAMEO mark.

In reply, Plaintiffs argue that the Law of the Case Doctrine is inapplicable because a court is free to reconsider its orders before a judgment is entered or the Court is divested of jurisdiction. Plaintiffs otherwise restate their original arguments.

## II.     Discussion

In the Court's July 29, 2020 Order (ECF No. 211) the Court reviewed the standard applicable to the permissive filing of a counterclaim (*id*. at 3-4) and then discussed, at length, whether Defendant's Counterclaims against Jenkins were futile. *Id*. at 4-7.  With respect to Count I of the Counterclaim against Jenkins, the Court stated:

> Counterclaim Plaintiff Blackmon alleges that Jenkins promoted himself on the internet and social media sites using the CAMEO trademark and Defendant's likeness in January 28, 2020.   [ECF No. 109] … ¶¶ 50-51; picture at 30. Counterclaim Plaintiff Blackmon further alleges that Jenkins continued to use the CAMEO trademark in February 2020 on Jenkin's personal Facebook page. *Id* ¶¶ 53-54 and picture at 31. These allegations are sufficient to state a trademark counterfeiting claim. *Id*. ¶¶ 48, 58-61, ECF No. 207-3.

ECF No. 211 at 4-5.  With respect to Count V of Defendant's Counterclaim, alleging Deceptive Trade Practices against Jenkins, the Court stated:

> Defendant also successfully pleads his fifth counterclaim for Deceptive Trade Practices under NRS 598.0915. Under this statute, a person engages in deceptive trade practices if, in the course of his business, he knowingly:
>
>> (1) Passes off goods or services for sale or lease as those of another person; (2) Makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease; (3) Makes a false representation as to affiliation, connection, association with or certification by another person ...; (7) Represents that goods or services for sale or lease are of a particular standard, quality or grade; [or] (9) Advertises goods or services with intent not to sell or lease them as advertised. N.R.S. § 598.0915.
>
> NRS 598.0905 defines "advertisement" as an "attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation to lease or acquire any title or interest in any property."
>
> Here, Counterclaim Plaintiff Blackmon alleges that the Counterclaim Defendants, including Jenkins, violated this statute by using the CAMEO mark, without permission or license to do so, in promotional material and on Facebook pages to falsely represent themselves as CAMEO or a CAMEO member. ECF No. 109-1 ¶¶ 44-48, 50-52, 54. Because Counterclaim Plaintiff Blackmon alleges that all

1

2   Counterclaim Defendants intentionally misled the public regarding their respective affiliation with CAMEO without Counterclaim Plaintiff Blackmon's permission, the Court finds Counterclaim Plaintiff Blackmon adequately states a claim under NRS 598.0915. *Hakkasan LV, LLC v. VIP, UNLTD, LLC*, 63 F.Supp.3d 1259, 1267 (D. Nev. 2014) (holding defendant violated § 598.0915 by using the trademark and falsely claiming that he was affiliated with the owner and authorized to use it); *Cf. Wilson v. Stratosphere Corp.*, 371 F.App'x 810, 811 (9th Cir. 2010).

3

4

5   Thus, the Court's July 29, 2020 Order addressed the two claims Plaintiffs again seek to dismiss.  The

6   Court finds no basis upon which the Court must reconsider its prior Order.  *See* ECF No. 211.  The

7   Court again denies Plaintiffs' efforts to dismiss Counts I and V of Defendant's counterclaims based

8   on the contention that Defendant fails to sufficiently state such claims.[1]

9   **III.    Order**

10          Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Amended Partial Motion to

11  Dismiss Defendant's Amended Counterclaim (ECF No. 239) is DENIED.

12          IT IS FURTHER ORDERED that Plaintiffs' Partial Motion to Dismiss Defendant's

13  Amended Counterclaim (ECF No. 235) is DENIED as moot.

14           DATED this 18th day of November, 2020

15

16

17  ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

---

[1]     The Court declines to rule on the Law of Case Doctrine raised by Defendant albeit it is not an unworthy argument.