UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendant. | Case No. 2:18-cv-01948-EJY<br><br><br><br>**ORDER** |
| LAWRENCE ("LARRY") BLACKMON,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Counterclaim Defendants. | |

Pending before the Court is Defendant/Counterclaim Plaintiff Lawrence "Larry" Blackmon's Motion to Dismiss (ECF No. 253). The Court has considered Defendant's Motion, Plaintiffs' Opposition (ECF No. 254), and Defendant's Reply (ECF No. 255).[1]

**I.     RELEVANT BACKGROUND**

Plaintiffs filed their original complaint on October 10, 2018, alleging tortious interference with contract, conversion, and three declaratory judgment causes of action. ECF No. 1. The Court granted, in part, Plaintiffs' Motion for Leave to Amend Complaint on July 6, 2019 (ECF No. 43), and the Amended Complaint was filed on October 2, 2019. ECF No. 46. After additional motion practice and a lengthy hearing on July 14, 2020, Plaintiffs filed their Second Amended Complaint

---

[1] Defendant/Counterclaim Plaintiff Lawrence "Larry" Blackmon is referred to herein as "Defendant." Plaintiffs/Counterclaim Defendants Nathan Leftenant, Arnett Leftenant, Jeryl Bright, Gregory Johnson, and Thomas "Tomi" Jenkins are collectively referred to as "Plaintiffs."

1

("SAC"). ECF No. 202.[2] However, the SAC was dismissed, without prejudice, for failing to comply with the Court's July 14, 2020 Order allowing Plaintiffs to amend their operative complaint only to clarify the fourth cause of action ("Count IV").[3] ECF No. 192. That is, Plaintiffs' SAC made numerous changes to the operative Amended Complaint going far beyond clarifying Count IV including, but not limited to, adding ten new plaintiffs, resulting in dismissal without prejudice of the SAC. ECF No. 249 at 9. Nonetheless, Plaintiffs were granted one additional opportunity to file a third amended complaint compliant with the Court's July 14, 2020 Order, which they did on November 23, 2020. *Id.*; *see also* ECF No. 252. Plaintiffs' Third Amended Complaint (TAC") prompted Defendant's Motion to Dismiss. ECF No. 253.

In his Motion to Dismiss, Defendant avers that Plaintiffs' TAC includes "new factual allegations, new legal theories, and new prayers for relief" that exceed the Court's July 14, 2020 Order. *Id.* at 3. Specifically, Defendant states Plaintiffs attach the same Exhibit A that was attached to their SAC, and which the Court previously found expanded the allegations far beyond the Court's July 2020 Order. *Id.* Defendant also asserts: (1) that the TAC includes several allegations from the Count IV in the SAC, which the Court dismissed; (2) Plaintiffs' Prayer for Relief adds new requests; and, (3) Paragraph 116 in the TAC is a "new allegation" for past royalty advances that did not appear in either the Amended Complaint or SAC. ECF No. 253 at 3-4.

Plaintiffs, in turn, claim the TAC does not violate this Court's narrowly-tailored Order to restate Count IV of their Amended Complaint because it was necessary to amend the factual allegations to achieve clarification. ECF No. 254 at 1. Plaintiffs also dispute Defendant's argument that the TAC's amended Count IV states new facts in violation of this Court's Order, countering that the new facts comply with the Order by "simply further clarifying the basis of the dispute… that requires declaratory relief, [setting] forth the amount of royalties on hold… and [clarifying] Plaintiff Jenkins' position on the *El Passo* Master." *Id.* at 5. Further, Plaintiffs allege Paragraph 116 in the TAC is not newly pled, but is actually included in their Amended Complaint. *Id.* at 4. Finally,

---

[2] Plaintiffs actually filed numerous versions of the SAC, two of which were struck, and one of which was proposed. *See* ECF Nos. 198, 199, 202, and 203.
[3] At the July 14, 2020 hearing, the Court's Order emphasized that Plaintiffs were granted the opportunity to file a second amended complaint at this late stage in proceedings solely to correct and replead Plaintiffs' claim for declaratory relief (Count IV). No other amendments to the operative complaint was granted. *Id.* at 30.

Plaintiffs' claim that Exhibit A to the TAC only has "minor changes" from the version attached to the Amended Complaint and it does not violate the Court's Order. *Id.* at 3.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based on a party's failure to obey an order of the Court. "A district judge's determination that an order was not complied with is entitled to considerable weight because the district judge is best equipped to assess the circumstances of the noncompliance." *See United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986) (citing *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976)). "Dismissal under Rule 41(b) is a harsh remedy, and because such dismissals are frequently occasioned by inattention of counsel rather than by plaintiff's own wrongdoing, courts are rightfully reluctant to employ 41(b) sanctions for failure to comply with an order of the court." *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1049 (9th Cir. 1971) (citing *Industrial Buildings Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336 (9th Cir. 1970)). It is equally clear, however, that aggravated circumstances may make dismissal under 41(b) appropriate. *Hatcher v. Easyriders Licensing, Inc.*, 66 F. App'x 736 (9th Cir. 2003) (dismissing a third amended complaint in its entirety for failure to comply with a court order directing plaintiff to amend deficiencies in certain of their causes of action); *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975) (dismissing a third amended complaint because it did not comply with the earlier Order granting leave to amend only if the third amended complaint was "limited to certain expressly stated claims.").

As Plaintiffs know, their SAC substantially expanded the claims asserted in the Amended Complaint by, at minimum, attempting to add claims on behalf of ten newly identified plaintiffs. Plaintiffs do not repeat this error in their TAC. However, Exhibit A to the TAC, which is roughly identical to Exhibit A to the SAC, continues to identify individuals who are not plaintiffs in this action. *See* the "Featured Artist Claims" column at ECF No. 252-1. These individuals did not appear on Exhibit A to the Amended Complaint. *Compare id.* and ECF No. 46-1. To the extent Plaintiffs seek to assert any claim or an award of damages on behalf of any person not named as a plaintiff in

the TAC, this goes substantially beyond the scope of the Court's July 14, 2020 Order dismissing Plaintiffs' SAC precisely because it sought to add claims on behalf of new plaintiffs. ECF No. 249 at 5-9.

Further, Plaintiffs' Prayer for Relief in the TAC at 18, lines 19-20, again seems to seek a declaration against non-parties. This Prayer states: "Declare that Plaintiffs are entitled to collect a *pro rata* share of 'featured artists' royalties from SoundExchange and AARC, including 'El Paso,' as applicable." The very purpose of allowing Plaintiffs to file a third amended complaint was to clarify that they seek damages and other relief against Defendant and not unnamed third-parties. This Prayer may be read to simply confirm an entitlement to featured artist royalties; however, it is at least in some respects superfluous because a determination that Plaintiffs are, in fact, featured artists would yield the same result. *See* ECF No. 252 Count IV. In sum, Plaintiffs' Prayer for a declaration that they are entitled to damages "*from*" SoundExchange and AARC goes beyond the Court's July 14, 2020 Order.

Nonetheless, upon a close read of the TAC, and specifically Count IV therein, the Court finds Plaintiffs' overall attempt, albeit still not particularly well worded, is to state a declaratory judgment cause of action against Defendant and not SoundExchange or AARC. Reading the entirety of Count IV together, Plaintiffs state, in sum: (1) there is a dispute with Defendant over Plaintiffs' rights as alleged featured artists of CAMEO; (2) they seek resolution of this dispute "as against Defendant"; (3) Plaintiffs and Defendant are "featured artists" on CAMEO recordings; (4) the dispute between Plaintiffs and Defendant pertains to who is entitled to receive or collect royalties for the CAMEO recordings; (5) they are entitled to receive and collect a pro rata share of the royalties, which Defendant disputes arguing Plaintiffs are not featured artists and not entitled to any royalties; (6) Plaintiffs have made claims for featured artist royalties from SoundExchange and AARC; (7) Plaintiffs and Defendant "*received*," as featured artists, advances against future royalties; (8) two federal laws require a pro rata distribution of royalties to featured artists; (9) there are featured artist royalties being held by SoundExchange and AARC; and, (10) Plaintiffs seek a declaratory judgment that they, along with Defendant, are featured artists of CAMEO entitled to featured artist royalties as a matter of law. ECF No. 252 ¶¶ 107-119. Plaintiffs then seek in their Prayer for Relief a

declaration that they are featured CAMEO artists entitled to feature artist royalties while, unfortunately, adding that they are entitled to these "royalties from SoundExchange and AARC." *Id*. at 18, lines 17-20. This over-reach is addressed in the Order below.

Finally, with respect to Paragraph 116 in the TAC, with which Defendant takes particular issue, and despite the poor wording, the Court finds that while the language is somewhat new, the new language arises from complying with the repleading the Court granted. That is, while Plaintiffs' Count IV in the Amended Complaint sought a declaratory judgment that they were "entitled to directly collect featured artist royalties from third parties," Plaintiffs' TAC now seeks declaratory judgment that they, along with Defendant, are all "featured artists … who are entitled to receive or collect … royalties" pursuant to the Digital Performance Rights in Sound Recordings Act of 1995. ECF No. 46 ¶ 108; ECF No. 252 ¶ 119.

In sum, while Plaintiffs' TAC remains somewhat poorly pleaded, the Court concludes it substantially complies with the July 14, 2020 Order to clarify Count IV in the Amended Complaint.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant/Counterclaim Plaintiff Lawrence "Larry" Blackmon's Motion to Dismiss (ECF No. 253) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Dismiss is granted to the extent Plaintiffs' Third Amended Complaint seeks to assert or does assert any claim on behalf of any individual identified in Exhibit A to the Third Amended Complaint other than a named Plaintiff. Damages, if any, may be awarded to the named Plaintiffs only.

IT IS FURTHER ORDERED that the Motion to Dismiss is GRANTED to the extent Plaintiffs' Prayer for Relief continues to seek an order or judgment against third-parties SoundExchange or AARC.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiffs' Third Amended Complaint is otherwise DENIED.

IT IS FURTHER ORDERED that Defendant shall file an answer to Plaintiffs' Third Amended Complaint within 14 days of the date of this Order.

IT IS FURTHER ORDERED that within 21 days of the date of this Order, the parties shall submit a proposed scheduling order pertaining to any specific remaining discovery to be conducted and the filing of dispositive motions.

Dated this 26th day of February, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE