UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>    Plaintiffs,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>    Defendant.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>    Counterclaim Defendants. | Case No. 2:18-cv-01948-EJY<br><br>**ORDER** |

Pending before the Court is Lawrence Blackmon's Second Motion for Sanctions for Violation of Protective Order (the "Motion").[1] ECF No. 311. The Court has considered the Motion, Plaintiffs' Opposition (ECF No. 318), and Defendant's Reply (ECF. No. 319).

**I.    Background**

The facts prompting Defendant's Motion are undisputed. In August 2019, the parties entered into a Stipulated Protective Order ("SPO") defining confidential information that includes, *inter alia*, documents marked "Attorney's Eyes Only." ECF No. 44. The SPO expressly limits to whom confidential information may be disclosed and requires confidential information to either be redacted or sealed when filed in court. *Id*. Further, when a party discloses confidential information other than as permitted by the SPO, the disclosing party must provide immediate notice to the non-

---

[1] Lawrence Blackmon is referred to herein as "Blackmon" or "Defendant."

1

disclosing party and make "every effort" to obtain a return of the improperly disclosed information. *Id*.

On July 13, 2020, the Court sanctioned Plaintiffs for violating the SPO after Plaintiffs repeatedly filed the same confidential document multiple times in the public record. ECF No. 180. The Court required Plaintiffs to pay Blackmon his reasonable attorney's fees and costs associated with bringing his first motion for sanctions. *Id*.

The instant Motion concerns the contents of Plaintiffs' complaint filed on September 20, 2021 in the U.S. District Court for the Southern District of New York (the "New York Complaint" or "Complaint"). The New York Complaint names Blackmon as a defendant and references confidential information contained in the UMG Agreement marked "Attorney's Eyes Only" in this action. Plaintiffs did not serve Blackmon with the Complaint or report the disclosure of confidential information at the time of filing. Almost two months later, Plaintiffs sought to seal the Complaint. ECF No. 313, Ex. 2.

Blackmont argues that Plaintiffs' filing in New York violated the SPO and smacks of willfulness. ECF No. 311. Plaintiffs respond that the Complaint makes "very limited reference[]" to the UMG Agreement and then state, without referencing the lapse in time, that their counsel "[t]hereafter … filed a motion to seal …." ECF No. 318 at 3. Plaintiffs also argue that the publicly filed New York Complaint was not served on any person or "disclosed by Plaintiffs or the undersigned counsel to any third party" (*id*.) ignoring that filing a complaint on the public record discloses that complaint to any member of the public seeking to review the same. Plaintiffs contend that the entity from whom the document marked as confidential was received has not complained about the disclosure. *Id*. That entity is not a party to the SPO. Nevertheless, Plaintiffs state they have substantially complied with the SPO and that their technical violations are not sanctionable.

In reply, Blackmon argues that irrespective of Plaintiffs' excuses, the failure to comply with the terms of a stipulated protective order is sanctionable. Blackmon contends that an almost two month delay before seeking to seal the New York Complaint is neither substantial compliance nor a technical violation. ECF No. 319. Blackmon states he was able to download an unredacted copy of

the New York Complaint from the Law360 service, and that Law 360 only removed the unredacted New York Complaint from its service after his request in January 2022. *Id*. at 4. Blackmon seeks an award of fees and costs for binging its Motion and an order: (i) requiring Plaintiffs to comply with paragraph 16 of the SPO; (ii) requiring Plaintiffs to notify the Southern District of New York of the prior sanction order and any subsequent sanctions order issued by this Court; (iii) precluding introduction of or reliance on the UMG Agreement, its existence or its content in any further proceedings in this case; and (iv) finding Plaintiffs and their counsel in contempt of court.

**II.     Discussion**

The Court is empowered to issue sanctions based on a party's violation of a court entered protective order. This power comes directly from Fed. R. Civ. P. 37(b) as well as through the Court's inherent powers.[2] The Court has broad discretion regarding the type and degree of discovery sanctions it may impose. *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir. 1976). Rule 37 allows for imposition of any remedy the Court determines is "just." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958); *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 641-642 (9th Cir. 1978). The Court acts justly when issuing sanctions to "protect[] the due and orderly administration of justice" and "maintain[] the authority and dignity of the court." *Primus Automotive Financial Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (internal citation omitted) (brackets in original).

The party seeking a civil contempt finding must demonstrate the alleged contemnor violated the court's order by "clear and convincing evidence." *Vertex Distrib., Inc. v. Falson Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (internal citation omitted). Substantial compliance with an allegedly violated court order is a defense to civil contempt, "and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *In re Dual Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d. 693, 695 (9th Cir. 1993) (internal citations omitted). *See also Krause v. Nev. Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-CWH, 2014 WL 99178, at *2 (D. Nev.

---

[2] *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015 (9th Cir. 2012) and *United States v. State of Oregon,* 915 F.2d 1581 (9th Cir.1990) (table cases) addressing the inherent power of a court to enter sanctions.

Jan. 3, 2014) (internal citation omitted) ("[a] moving party seeking an order of contempt has the burden to establish by clear and convincing evidence that (1) the respondent violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order").

Here, there is no doubt that Plaintiffs violated the SPO when they filed the New York Complaint without redacting those portions referencing information designated in this action as Attorney Eyes Only. Specifically, Exhibit 1 to Blackmon's Motion shows that confidential information was revealed in paragraphs 16, and 31-43 of the New York Complaint. However, what exactly was disclosed to the public through the filing is unknown because neither party discusses the specifics, and only a redacted version of the New York Complaint was provided to the Court. However, Plaintiffs say the references to confidential information was "very limited." In the absence of any additional information about what was disclosed, the Court cannot conclude Blackmon establishes, by clear and convincing evidence, that Plaintiffs' error was in bad faith and beyond substantial compliance.

With respect to Blackmon's request that Plaintiffs be precluded from introducing or relying on the UMG Agreement, such sanctions "are typically reserved only for flagrant discovery abuses." *Great Am. Ins. Co. v. Vegas Const., Co., Inc.*, 251 F.R.D. 534, 543 (D. Nev. 2008) *citing Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151-52 (S.D.N.Y. 1997). Still, the Court is disturbed by Plaintiffs' repeated failure to comply with the Court entered Protective Order. As is otherwise true in this matter, Plaintiffs appear to repeat the same mistake either through carelessness or something more. *See*, by way of example only, ECF Nos. 180 and 322. There is no doubt that Plaintiffs repeatedly filed the UMG Agreement in the public record in this case and now have referenced the content of the document in the New York Complaint.

The prior award of attorney's fees to Blackmon was apparently insufficient to prevent Plaintiffs repeat violation of the SPO. Given Plaintiffs' repetition, the Court exercises its discretion to award sanctions against Plaintiffs again. Such sanctions include non-monetary sanctions, payment of fees and costs to Blackmon associated with bringing his Motion, and an additional

monetary award to be paid to Blackmon toward the goal of impressing upon Plaintiffs the importance of ensuring compliance with court orders and deterring future violations.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendant's Second Motion for Sanctions (ECF No. 311) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that to the extent the Motion seeks a finding of contempt of court, the Motion is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall:

a.    pay to Blackmon his reasonable attorney's fees and costs incurred as a result of (i) bringing the Second Motion for Sanctions, (ii) preparing and filing his Reply, and (iii) submitting information to the Court for purposes of determining the attorney's fees and costs award;

b.    pay to Blackmon an amount equal to the award of fees and costs, as determined by the Court, as an additional monetary sanction; and

c.    within five (5) days of the date of this Order provide to Blackmon (and not to the Court) the identity of all persons to whom Plaintiffs or their counsel have shown the UMG Agreement, whether in this litigation or the New York Case.

IT IS FURTHER ORDERED that Plaintiffs and their counsel shall comply all paragraphs of the Stipulated Protective Order at all times.  Plaintiffs and their counsel are placed on notice that a third failure to so comply will result in additional sanctions up to and including precluding Plaintiffs from relying on the UMG Agreement for any purpose in prosecuting their case in this Court.

IT IS FURTHER ORDERED that Blackmon shall, within 14 days of the date of this Order, submit a memorandum, supported by affidavit of counsel, establishing the reasonable attorneys' fees and costs incurred in preparing and filing ECF Nos. 311, 313, and 319, as well as with preparing his fee memorandum.  The memorandum must provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the

memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

IT IS FURTHER ORDERED that Plaintiffs shall have five (5) days from service of the memorandum of fees and costs in which to file a responsive memorandum addressing the reasonableness of the amount sought, and any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded.

Dated this 7th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE