UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendant. | Case No. 2:18-cv-01948-EJY<br><br>ORDER |
| LAWRENCE ("LARRY") BLACKMON,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Counterclaim Defendants. | |

Pending before the Court is Plaintiffs' Motion and Memorandum to Strike Defendant's Summary Judgment Declarations and Exhibits. ECF No. 295. Defendant filed a response (ECF No. 300). Plaintiffs did not file a reply.

1. Plaintiffs' Motion seeks to strike Defendant's Opposition to Plaintiffs' Motion for Summary Judgment because the Opposition was not filed on paper with consecutively numbered lines, a violation of LR IA 10-1(a)(1). The Court is empowered to strike any document that is not filed in compliance with this provision. LR IA 10-1(d). While the Court agrees that Defendant's Opposition fails to comply with the Local Rule requirement, the Court will not elevate form over substance on this occasion. Therefore, Plaintiffs' Motion, to the extent it seeks to strike Defendant's Opposition, is denied.

2. Plaintiffs' Motion next seeks to strike paragraph 2 of the Kathryn Fain Declaration. This paragraph states:

1

> On or about October 3, 2012, I had a telephone conversation with a representative from SoundExchange, Inc. on behalf of Larry Blackmon regarding digital royalties for the CAMEO account. During the conversation, I explained to the SoundExchange representative that there were parties collecting royalties who were not entitled to collect and that Mr. Blackmon wanted to stop them from collecting. <u>The SoundExchange representative explained to me that the only way to stop the ineligible parties from collecting was to put the CAMEO account in dispute.</u> I asked the representative how to do that and <u>the representative told me that the best way to put the account in dispute would be for Mr. Blackmon to claim 100% of the royalties</u>.

ECF No. 257-2 ¶ 2 (underline added). Plaintiffs claim that the underlined portions of this paragraph are inadmissible hearsay because they reflect what a SoundExchange representative told the declarant.

Hearsay is defined as a statement other than testimony at a current trial or hearing that is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). As the parties know, there are many exceptions to the hearsay rule. Defendant contends that the statements by the SoundExchange representative repeated by Fain are not offered for the truth of the matter asserted and, therefore, are not hearsay. Defendant argues the statements are recollections of a conversation offered to show "the effects" of those statements on Fain. ECF No. 300 at 5-6.

The Court could not find any case law that explained the basis for or repeated the quotation offered by Defendant on page 5 of his Opposition; that is, that a "recollection of a conversation is not hearsay." *Id*. at 5. The language quoted from a U.S. District Court for the District of Arizona is also without a supporting citation. *Id.* Further, Defendant's bare bones proffer regarding the purpose for which the representations by SoundExchange are offered does not explain how Fain's state of mind is evidence that would be admissible at trial.[1] Of course, Plaintiffs also do little to assist the Court's with its analysis. Plaintiffs simply repeat the statements that the SoundExchange representations are offered to prove that Defendant "made the claim of 100% of the royalties to

---

[1] The 2010 amendments to Rule 56 "eliminate[d] the unequivocal requirement that evidence must be admissible in its present *form* in order to be considered at summary judgment. Instead, the rule mandates that the *substance* of the proffered evidence be admissible at trial." *Nannis v. SB Gaming, LLC*, Case No. 2:19-cv-01894-JAD-NJK, 2022 WL 257100, at *3 (D. Nev. Jan. 27, 2022) *citing Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (unpublished) (internal quote marks eliminated) (emphasis in original). "In a motion for summary judgment it is sufficient if the substance of the evidence is admissible even if inadmissible in its current form, if the requirements of Rule 56 are met." *Madden, Inc. v. Allied Ins. Co. of America*, Case No. 2:13-cv-827-KJD-NJK, 2014 WL 6908477, at *1 (D. Nev. Dec. 9, 2014) *citing Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001).

prevent ineligible parties from collecting royalties." ECF No. 295 at 4. A review of Defendant's Motion for Summary Judgment shows only one citation to paragraph 2 of Fain's Declaration. ECF No. 276-1 ¶ 45.

Neither party provides the Court with sufficient argument or an application of facts to law that leads to a clear outcome of Plaintiffs' Motion to Strike this evidence. That said,

> [a] district court may consider hearsay evidence submitted in an inadmissible form at the summary judgment stage. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). However, it may do so only if the content of the evidence proffered could later be provided in an admissible form at trial. *Id.*; *see Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). When a party objects that material cited to dispute a fact cannot be presented in a form that would be admissible at trial, as Plaintiff does here, the burden shifts to the proponent of the evidence to either show that the material is admissible as presented or explain the admissible form that it anticipates it will produce at trial. Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment.

*Securities and Exchange Commission v. Strategic Global Investments, Inc.*, 262 F.Supp.3d 1007, 1019 (S.D. Cal. 2017). *See also Richardson v. CBS Studios Inc.*, Case No. CV 12-7925 ABC (SHx), 2013 WL 12120265, at *1, n.1 (C.D. Cal. Sept. 25, 2013) ("A Rule 56(c)(2) objection "functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). Defendant does not carry his burden of demonstrating why the statement by Fain recounting a conversation with SoundExchange is admissible as presented. Defendant also does not presently demonstrate that the statement attributed to SoundExchange could be offered for an admissible purpose at trial. The Court rejects the notion that all recollections of all conversations are admissible. Indeed, the admissibility of such recollections could depend on who was speaking (a party opponent) or whether the information is offered to rebut a charge of recent fabrication or improper influence or motive. Fed. R. Evid. 801(d)(1)(B) and (d)(2).

However, because paragraph 2 of the Fain Declaration is not material to the outcome of the pending motions for summary judgment, the Court denies Plaintiffs' Motion to Strike this evidence without prejudice. While Defendant's response fails to overcome Plaintiffs' objection to paragraph 2 of the Fain Declaration, the Court finds that Defendant may be able to introduce this evidence at trial for an admissible purpose.

3.     Plaintiffs seek to strike paragraphs 6 and 7 of the E'lyse Murray Declaration. ECF No. 275-3. Defendant does not oppose striking paragraph 6. ECF No. 300 at 6. Therefore, Plaintiffs' Motion is granted with respect to paragraph 6 of the Murray Declaration.

Paragraph 7 of the Murray Declaration states:

> In addition, Mr. Lewis mentioned to me that he was called by several other promoter's [sic] one in particular who was interested in CAMEO for a Florida Show but that promoter believed that she could get CAMEO for approximately $15,000 per show.

ECF No. 275-1 ¶ 7. Plaintiffs contend this paragraph "consists of inadmissible hearsay because it "is offered to prove that another group had been performing as CAMEO and the group was receiving $10-$15k dollars per show." ECF No. 295 at 5. Plaintiffs further contend that the statement in paragraph 7 is offered to prove actual confusion and lost profits. *Id*. Defendant avers that the statements are not offered to prove the truth of the matter asserted because they are offered "in support of Fact No. 34 to show that Mr. Leftenant booked and performed shows under a variety of band names." ECF No. 300 at 6. Fact No. 34, appearing in Defendant's Motion for Summary Judgment, states: "Notwithstanding the warnings, Mr. N. Leftenant and his associates persisted in advertising and seeking to book and perform shows under a variety of band names that incorporate the CAMEO trademark." ECF No. 267-1 ¶ 34. Defendant offers nothing more to assist the Court.

The content of the Murray Declaration ¶ 7 supports the conclusion that if offered to prove at least one Plaintiff booked and performed shows using the CAMEO trademark in violation of Defendant's trademark rights, the paragraph is hearsay. In contrast, if the statements in paragraph 7 is offered by Defendant to prove confusion the statement is not hearsay and is admissible.

Accordingly, the Court finds that the use offered by Defendant—support of Fact No. 34— fails to overcome this hearsay objection and paragraph 7 of the Murray Declaration cannot be introduced for and will not be considered by the Court for this purpose. However, the Court also finds that Defendant could offer a form of paragraph 7 that may be admissible at trial and, thus, the Court declines to grant Plaintiffs' Motion to Strike paragraph 7 of the Murray Declaration with prejudice.

1    4.   Finally, Plaintiffs seek to strike Exhibit 23 to Frederick Samuels' Declaration. ECF No. 275-4. The Exhibit consists of a printout of Plaintiff Gregory Johnson's Facebook page that is stated by Samuels to be as it appeared on July 16, 2021. *Id*. ¶ 20. Plaintiffs argue that Defendant did not produce this document during the discovery period and, therefore, absent substantial justification or harmlessness, it must be struck. ECF No. 295 at 6 *citing* Fed. R. Civ. P. 37(c)(1). Defendant argues that Exhibit 23 was "presumably … in … Johnson's possession, custody and control since before this case was filed," and that the document is responsive to one interrogatory and several requests for production propounded by Defendant on Plaintiffs. ECF No. 300 at 2-3. Defendant contends that Fed. R. Civ. P. 26, 33, and 34 each require "Plaintiffs to search their social media pages for responsive documents." *Id*. at 3. Defendant states that if anyone was harmed, it was him because Defendant was "denied the opportunity to conduct follow-up discovery with, for example, Malcolm Lyonx, the Facebook user who posed the question 'Can someone please explain, are there two CAMEO groups?'" *Id*. *citing* 275-4, Samuels Decl., Ex. 23.

"Federal Rule of Civil Procedure 34 requires production of documents in the responding party's possession, custody, or control. …. Upon receipt of a properly served request, a responding party is required to conduct a reasonable search for responsive documents. … However, while parties must impose a reasonable construction on discovery requests and conduct a reasonable search when responding to the requests, the Federal Rules do not demand perfection." *Lee v. Lee*, Case No. CV 19-8814 JAK (PVCx), 2021 WL 4462337, at *11 (C.D. Cal. Jan. 29, 2021) (internal citations and quote marks omitted). Moreover, a party receiving a document request must produce "documents … in his possession, custody or control, regardless of whether he believes [the opposing party] already has those documents." *Huang v. Big Data Supply Inc.*, Case No. 8:21-cv-00282-JVS (JDEx), 2021 WL 4816827, at *4 (C.D. Cal. Aug. 12, 2021) *citing Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source.").

Here, Defendant is correct insofar as he contends Plaintiff Johnson should have searched for the Facebook posting that is now Defendant's Exhibit 23 to his counsel's declaration. However,

there is nothing to suggest that Johnson did not search for the document or that he actually knew of the posting and failed to produce it. Defendant does not indicate he asked Johnson at deposition what efforts he made to locate documents and information responsive to discovery requests, and Johnson's response to Interrogatory No. 15, on which Defendant relies, says only that there are no social media sites that he recalls. ECF No. 300 at 2. Whether Johnson should have recalled the existence of his Facebook page is a question for cross examination, but without something to evidence Johnson's initial response to Interrogatory No. 15 was disingenuous, the Court is not prepared to find that Johnson failed to produce what is now Exhibit 23 despite knowing of its existence.

Defendant's argument that he was prevented from taking the deposition of Malcolm Lyonx is true to the extent such deposition would have occurred during the discovery period. However, Defendant could have sought to cure this prejudice by either seeking agreement from Plaintiffs or permission from the Court to conduct the deposition once the existence of Mr. Lyonx's question was known. Of course, this would have required Defendant to locate and subpoena this individual to appear at a deposition within 100 miles of his location.

The Court also notes that Plaintiffs did not file a Reply to Defendant's Opposition to the Motion to Strike Exhibit 23 and, thus, offer nothing to counter Defendant's contention regarding Plaintiffs' possession of Exhibit 23 long before it was attached to Defendant's Motion for Summary Judgment.

All in all, the parties are careless with their arguments failing to provide the Court with thorough, well developed and supported reasoning. *See* ECF No. 295 at 6 in which Plaintiffs' argument to strike Exhibit 23 consists of three short sentences, one of which is a conclusion; and ECF No. 300 at 4 in which Defendant blames Plaintiffs for the failure to produce Exhibit 23 and claims he is prejudice albeit he made no effort to cure the prejudice. In sum, the parties appear more interested in making accusations than arguments that advance their respective positions.

Given what is presently before the Court, the Court rejects the conclusion that Plaintiffs are harmed by the disclosure of Exhibit 23, which is a printout from Plaintiff Johnson's Facebook page. The Court also rejects the contention that if Defendant intends to rely on this document, he was

substantially justified in failing to produce the document before filing his Motion for Summary Judgment (albeit only ten days before) simply because he believed Plaintiffs were already in possession of the Facebook posting. Finally, and most importantly, the Court finds Exhibit 23 is not incapable of being presented in an admissible form at trial.

Accordingly, as the Court did with respect to paragraph 2 of the Fain Declaration, the Court will deny Plaintiffs' Motion to Strike Exhibit 23 to the Samuels Declaration, without prejudice, such that any objection to this evidence may, if appropriate, be raised at trial supported by argument and counterargument regarding its admissibility.

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion and Memorandum to Strike Defendant's Summary Judgment Declarations and Exhibits (ECF No. 295) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Strike Defendant's Opposition to Plaintiffs' Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike E'Lyse Murray Declaration ¶ 6 is GRANTED as unopposed.

IT IS FURTHER ORDERED that the Motion to Strike E'Lyse Murray Declaration ¶ 7 is GRANTED in part and DENIED in part as stated above.

IT IS FURTHER ORDERED that the Motion to Strike Kathryn Fain Declaration ¶ 2 is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion to Strike Exhibit 23 to the Declaration of Frederick Samuels is DENIED without prejudice.

Dated this 9th day of February, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE