UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS, | Case No. 2:18-cv-01948-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| LAWRENCE ("LARRY") BLACKMON, | |
| Defendant. | |
| LAWRENCE ("LARRY") BLACKMON, | |
| Counterclaim Plaintiff, | |
| v. | |
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS, | |
| Counterclaim Defendants. | |

Pending before the Court is Defendant's Memorandum in Support of Attorney's Fees and Reimbursement of Costs (the "Memorandum"), and Plaintiffs' response thereto. ECF Nos. 325 and 326. The Memorandum was filed in compliance with the Court's February 7, 2022 Order (ECF No. 323), which granted in part and denied in part Defendant's Second Motion for Sanctions (ECF No. 311). While the Order denied Defendant's request to find Plaintiffs in contempt, the Court awarded Defendant's fees and costs associated with bringing the Motion, filing the Reply, and preparing the Memorandum. The Court also ordered Plaintiffs to pay Defendants an amount equal to the award of fees and costs, as determined by the Court, as an additional monetary sanction.

**I.      Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th

1    Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).  Here, the Court

2    ordered an award of attorney's fees (and costs) incurred by Blackmon for bringing his Second

3    Motion for Sanctions and Reply in support thereof.  ECF No. 323.

4           When reviewing hours claimed by the party to whom fees have been awarded, the Court may

5    exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise

6    unnecessary.  *See*, e.g., *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra*

7    *School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).  When determining the reasonable hourly

8    rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates

9    in the relevant community" and compare the rates of "lawyers of reasonably comparable skill,

10   experience and reputation" to the rates requested in the case before the Court.  *Soule v. P.F. Chang's*

11   *China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July

12   26, 2019) (internal citation omitted).  This is a two step process.  The first step requires the Court to

13   "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the"

14   motion at issue "by a reasonable hourly rate."  *Id*. (citations omitted).[1]  The second step requires the

15   Court to consider adjusting the lodestar amount upward or downward, something done "only on rare

16   and exceptional occasions, … using a multiplier based on factors not subsumed in the initial

17   calculation of the lodestar."  *Id*. *citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045

18   (9th Cir. 2000) (internal brackets removed).

19          A.    The Rates Charged

20          Defendant seeks $400 per hour for time spent by his counsel, Mr. Samuels, prior to January

21   1, 2022, and $500 per hour for time spent by Mr. Samuels beginning on January 1, 2022.  ECF No.

22   325 at 3.  Counsel for Defendant has practiced law for over 30 years and is a founding member of

23   the intellectual property firm representing Defendant.  Defendant argues that the rates requested are

24   below those of comparable counsel in Nevada.  *GmbH & Co. KG v. NingBo Genin Indus. Co.*, Case

25   No. 2:16-cv-02546-JAD-GWF, 2018 WL 1796296, at *2 (D. Nev. Apr. 16, 2018); *Hurd v. Clark*

26   *Cty. Sch. Dist.*, Case No. 2:16-cv-02011-GMN-BNW, 2019 WL 6481283, at *4 (D. Nev. Dec. 2,

27

28   ---
[1]      Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

2019); *Soule*, 2019 WL 3416667 at *2; *U.S.A. Dawgs, Inc. v. Crocs, Inc.*, Case No. 2:16-cv-1694-JCM-PAL, 2019 WL 532300, at *6 (D. Nev. Feb. 11, 2019); *Bird-B-Gone, Inc. v. Haierc Indus. Co., Inc.*, Case No. 2:18-cv-00819-RJC-NJK, 2018 WL 4682320, at *5 (D. Nev. Sept. 28, 2018). Plaintiffs does not dispute that the rates requested are reasonable. ECF No. 326 at 3. The Court adopts the rates requested by Defendant finding them reasonable in light of the experience of counsel and the area of practice in which he is engaged.

   B.  <u>Time Incurred</u>

   Defendant asserts his counsel spent a total 37.94 hours on the Second Motion for Sanctions, the Reply, and the Memorandum. Defendant seeks $16,986.30 in attorney's fees as a result of this expenditure of time. Plaintiffs argue that Defendant's Motion was granted only in part and the time spent should be cut in half. Plaintiff further contends that certain billing at the partner level is excessive and should also be reduced. In sum, Plaintiffs ask the Court to award Defendant $4,023.29 in fees.

   The Court reviewed each entry provided by Defendant at ECF No. 325-1 at 12-14. The Court will disallow the billing for electronic filing, which includes three entries at $40, and one entry for $50.00 totaling $170. The Court will also disallow billing for forwarding copies of Plaintiffs' Opposition and Defendant's Reply to the client, which totals $100.00. The Court will disallow the .7 billed for reviewing the Court's Order regarding his Motion to Seal and revising the same to comply with the Order. This amount is $350.00. The Court did not order an award of fees for the Motion to Seal. Thus, the $400 billed for preparation of this filing is disallowed.

   The Court reduces the 16.53 hours spent on preparing the Motion for Sanctions and Declaration by two hours representing argument prepared in favor of sanctions that were not granted. The allowable amount (14.53. x $400) is $5,812.00. Defendant spent a total of 15.36 hours researching and drafting the Reply in Support of his Motion for Sanctions, all of which was billed at $500. The Court finds that the portion of this time spent researching, 6.92 hours, is excessive and reduces this amount by half as this research should have been done by an associate at a significantly lower rate. The Court also reduces the time spent on the Reply by two hours representing argument

1  prepared in favor of sanctions not granted.[2]  The Court credits Defendant with 6.44 hours of time

2  for drafting and finalizing the Reply in Support of the Motion for Sanction, and 3.46 hours of time

3  for research in preparation for drafting the Reply for a total of 9.9 hours at $500 or $4,950.

4       Fees in the amount of $10,762 are awarded to Defendant.  An additional $10,762 is awarded

5  as sanctions for Plaintiffs' repeated violations of the Stipulated Protective Order for which they were

6  previously sanctioned.

7  **II.     Order**

8       Accordingly, IT IS HEREBY ORDERED that Defendant's Memorandum in Support of

9  Attorney's Fees and Reimbursement of Costs is granted in the amount of $10,762.00.

10       IT IS FURTHER ORDERED that Defendant is awarded an additional $10,762.00 in

11  sanctions.

12       IT IS FURTHER ORDERED that Plaintiffs shall pay the amount above within 30 days of

13  the date of the Order.

14

15       Dated this 28th day of February, 2022.

16

17

18            ELAYNA J. YOUCHAH
          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28  [2]     The Court disallows the 1.15 hours for review of the opposition to the Motion for Sanction and 2.8 hours preparing the Memorandum in Support of Attorney's Fees to bring the amount awarded to a reasonable total.