UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE ("LARRY") BLACKMON,<br><br>Defendant. | Case No. 2:18-cv-01948-EJY<br><br>**ORDER<br>AMENDING ECF NO. 357** |
| LAWRENCE ("LARRY") BLACKMON,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATHAN LEFTENANT, ARNETT LEFTENANT, JERYL BRIGHT, GREGORY JOHNSON, and THOMAS ("TOMI") JENKINS,<br><br>Counterclaim Defendants. | |

Under Federal Rule of Civil Procedure 60(a)[1] the Court, *sua sponte*, takes this opportunity to correct errors in the Order on Defendant Lawrence Blackmon's Motion for Reconsideration (the "Order on Reconsideration"). ECF No. 357.

**I.     Blackmon's Counterclaim V – Nevada Deceptive Trade Practices Act**

As noted in the Court's Order on Reconsideration, Defendant Blackmon offered no argument supporting reconsideration of the Court's summary judgment ruling on Counterclaim V asserting violations of the Nevada Deceptive Trade Practices Act. *See id*. at 2 n.2. Thus, the Court's Order on Reconsideration should not have addressed Counterclaim V. Nevertheless, the Court mistakenly included a holding granting summary judgment in favor of Defendant Blackmon and against Plaintiff Jenkins on Blackmon's Counterclaim V. *Id*. at 14-15, 26. The Court corrects this error and states,

---

[1]     Fed. R. Civ. P. 60(a) states, in pertinent part, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

1

with respect to the time period commencing with the effective date of the Performance Agreement signed by Jenkins in 2016, there remains a question of fact regarding whether Defendant Blackmon can prove Counterclaim V against Jenkins. *See* Order on Summary Judgment, ECF No. 328, at 32:3-5. This Counterclaim must proceed to trial for purposes of allowing a jury to determine whether, for the time period commencing on the effective date of the 2016 Performance Agreement forward, Jenkins violated the Nevada Deceptive Practices Act. As previously stated, for the time period through the day before the effective date of the Performance Agreement, Blackmon's Counterclaim V is granted in favor of Jenkins and against Blackmon. *Id*. at 31:26-32:2.

The Court confirms that Blackmon's Counterclaim V asserted against Bright, Johnson, A. Leftenant, and N. Leftenant with respect to their participation in the release of "We In The House," as well as asserted against A. Leftenant, N. Leftenant, and Johnson with respect to live performances, must proceed to trial. *Id*. at 32:24-33:5.[2] The Court also confirmed Blackmon's Counterclaim V was granted in favor of Bright with respect to live performances. *Id*. at 33:6-8.

## II. Defendant Blackmon's Error in the Proposed Joint Pretrial Order Helps the Court Further Clarify the Status of Counterclaims Asserted Against Jenkins

In the Proposed Joint Pretrial Order, Blackmon erroneously states that "Jenkins was found liable on all [of Blackmon's] counterclaims … ." ECF No. 363 at 2. This overstates the Court's holding. The Order on Reconsideration granted summary judgment in favor of Blackmon and against Jenkins on Blackmon's Counterclaims I-V as of Jenkins' resignation in 2018. This remains the holding of the Court, but *only* with respect to Counterclaims III-IV.

The Court previously held and confirms summary judgment is granted in favor of Jenkins and against Blackmon on all of Blackmon's Counterclaims measured from Jenkins' original involvement with CAMEO through the day prior to the effective date of the 2016 Performance Agreement. ECF No. 328 at 31:26-32:2.

---

[2] The Order on Summary Judgment (ECF No. 328) found Blackmon's Counterclaim V would proceed to trial against N. Leftenant based on questions of fact regarding his co-ownership of the CAMEO marks after 2005. This finding was reversed by the Order on Reconsideration (ECF No. 357). However, questions of fact remain as to whether Blackmon can prove the elements of a Nevada Deceptive Trade Practices Act claim against this Plaintiff.

For the period after the effective date of the 2016 Performance Agreement, Counterclaim V is corrected above.  The Court further corrects the Order on Reconsideration with respect to Counterclaims I and II.  That is, irrespective of the time period, Blackmon has no claim against Jenkins for violations of Section 32 of the Lanham Act arising from sound recordings because registration of a mark is required to state such a claim and no such mark was ever registered.  *Id.* at 13 n.12 (citing *Synergy Tech & Design Inc. v. Terry*, which holds "there is no potential for [a plaintiff] to recover ... for federal trademark infringement [under § 32 of the Lanham Act] for conduct that occurred prior to the registration of the subject marks." Case No. C-06-02073-JSW, 2007 WL 1288464, at *4 (N.D. Cal. May 2, 2007) (citation omitted)).  Thus, the Order on Reconsideration is corrected to grant summary judgment in favor of Jenkins and against Blackmon on Blackmon's Counterclaims I and II arising from sound recordings.

With respect to live performances, Blackmon registered his mark on March 28, 2017.  Thus, any claim for a violation of Section 32 of the Lanham Act arising from live performances may only be pursued by Blackmon against Jenkins as of that date.  A question of fact remains as to any violation of Counterclaims I and II with respect to live performances for the time period commencing with the registration date of the live performance mark in 2017 through the day before Jenkins' resignation from CAMEO in 2018.  Summary Judgment is granted in favor of Blackmon and against Jenkins on Counterclaim Counts I and II arising from live performances commencing with the date in 2018 Jenkins resigned from Cameo.

With respect to Blackmon's Counterclaims III and IV, no registration of a mark is needed.  And, as stated in the Order on Reconsideration, summary judgment is granted in favor of Blackmon and against Jenkins on these claims commencing with the date Jenkins resigned in 2018.  However, for the time period between the effective date of the 2016 Performance Agreement and the date Jenkins resigned from CAMEO there remains a question of fact that must be tried.

     Accordingly, IT IS HEREBY ORDERED that the Court's Order on Reconsideration (ECF No. 357) is corrected to incorporate the above.

     Dated this 14th day of November, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE